**Gina DAVIS, Plaintiff,**

v.

**THE MILLE LACS BAND OF CHIPPEWA INDIANS, James Genia, and R. James Bankey, Defendants.**

**No. 5–95 CIV 187.**

United States District Court,
D. Minnesota,
Fifth Division.

Nov. 12, 1998.

Mavity & Associates, by Pamela M. Miller, Minneapolis, MN, appeared on behalf of Plaintiff.

Lockridge, Grindal, Nauen & Holstein, P.L.L.P., by Lorenz F. Fett, Jr., Minneapolis, MN, appeared on behalf of Defendants.

## ORDER

ALSOP, Senior District Judge.

This matter is before the Court upon the motion of defendant Mille Lacs Band of Chippewa Indians ("the Band") and its solicitor general, defendant James Genia, for dismissal with prejudice of plaintiff Gina Davis's complaint. The moving defendants claim that Davis failed to fully exhaust her tribal court remedies, the Tribal Court properly exercised jurisdiction over Davis's claim, and the Tribal Court judgment precludes further litigation in United States District Court. Davis argues that her failure to exhaust tribal court remedies is excused because of the Tribal Court's bias, and that the Tribal Court does not have jurisdiction over her claims. Because there is no evidence of bias excusing Davis's failure to exhaust tribal court remedies and because the Tribal Court correctly determined it had jurisdiction over Davis's claims, the Tribal Court's judgment is entitled to deference and will not be disturbed. Accordingly, Davis's complaint will be dismissed with prejudice as to the Band and Genia. The Court will also order Davis to show cause why defendant Bankey should not be dismissed without prejudice.

## BACKGROUND

The plaintiff, Gina Davis, is an enrolled member of the Mille Lacs Band of Chippewa Indians. Davis was employed as a tribal police officer by the Band from December 1992 to June of 1996. On August 30, 1995, Davis filed a complaint in this Court against the Band, the Band's Solicitor General,

James Genia, and the Band's Chief of Police, R. James Bankey. Davis's complaint alleged that defendants violated federal and state laws regarding sexual harassment, discrimination, retaliation, and negligence.

Defendants filed a motion to stay or dismiss the federal proceedings pending exhaustion of tribal remedies on the grounds that a lawsuit against an Indian tribe brought by a tribal officer and occurring on tribal land was subject to tribal jurisdiction. The Court agreed and on January 16, 1996, stayed Davis's action in federal court pending exhaustion of tribal court remedies.

On February 27, 1996, Davis filed an action in the Band's Court of Central Jurisdiction ("Tribal Court"). The complaint alleged no violations of substantive tribal law, but sought a declaration by the Tribal Court that it did not have jurisdiction over the action and an order returning the case to United States District Court. The Tribal Court appointed a Special Magistrate to hear the case. At the first scheduling conference, the Special Magistrate inquired whether Davis sought only declaratory relief from the tribal court as opposed to any substantive relief, and gave Davis until June 18, 1996 to "file an amended complaint, if she so desires to amend her complaint" to allege substantive claims. On July 9, 1996, Davis filed an amended complaint seeking both declaratory relief and alleging an equal protection claim under tribal law.

On July 19, 1996, Defendants filed a motion for summary judgment arguing that Davis failed to state a claim under tribal law and asserting sovereign immunity. On September 16, 1996, the Special Magistrate heard oral argument on Defendants' motion for summary judgment. At the hearing, the Special Magistrate allowed Davis to orally amend her complaint to state a claim under the Band's Civil Rights Code, even though such an amendment was untimely.

On September 30, 1996, the Special Magistrate issued a thirty-three page Order dismissing all of Davis's claims against the Band, dismissing Davis's claims against Ge-

nia "without prejudice to the right of Davis to file a second amended complaint pleading specific acts of malicious intent and bad faith," [1] and dismissing all causes of action against Bankey except Davis's equal protection claim.[2] Central to the Order was the Special Magistrate's conclusion that the Tribal Court had jurisdiction over Davis's claims and that the Band had not waived its sovereign immunity.

At a hearing on February 27, 1997, the Special Magistrate agreed to enter Final Judgment on Davis's claims against the Band and Genia so that Davis could file an immediate appeal. The Final Judgment was issued and filed in the Court of Central Jurisdiction on March 5, 1997. However, Davis's attorney failed to file a notice of appeal in a timely matter. In a letter dated May 14, 1997, Davis requested that the Special Magistrate grant an extension of time in which to file an appeal. Davis's counsel wrote that "[t]he failure to give timely notice of our intended appeal was a mistake based on my unfamiliarity with Band Court appellate procedures." Davis's counsel also stated that he believed the Final Judgment was received in his office in mid-March while he was on vacation.

On May 22, 1997, the Special Magistrate denied Davis's request for an extension. On June 9, 1997, the Court of Appeals of the Court of Central Jurisdiction affirmed the Magistrate Judge's denial of an extension and permanently disbarred Davis's attorney from practicing in the Court of Central Jurisdiction.

### STANDARD FOR REVIEW

Tribal court jurisdiction is a question of federal law. *Duncan Energy v. Three Affiliated Tribes*, 27 F.3d 1294, 1300 (8th Cir.1994). Thus, a federal district court must conduct a *de novo* review of a tribal court's decision regarding jurisdiction. Once the federal court concludes the tribal correct properly exercised jurisdiction over the controversy, the federal court does not re-exam-

---

1. Davis never filed a second amended complaint against Genia.

2. Bankey does not join in the pending motion for dismissal filed by the Band and Genia, and Davis's case against Bankey is still active in the tribal court.

ine the substantive factual and legal issues decided by the tribal court. *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 19, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) ("Unless a federal court determines that the Tribal Court lacked jurisdiction ... proper deference to the tribal court system precludes relitigation of issues raised ... and resolved in the Tribal Courts").

### DISCUSSION

The Band and Genia move for dismissal of this action on two grounds. First, the moving defendants argue that Davis failed to exhaust tribal remedies and that such a failure is a bar to the Court's review of tribal court jurisdiction. Next, the moving defendants claim that even if Davis had exhausted her tribal remedies, the tribal court correctly determined it possessed jurisdiction over Davis's claim. Davis concedes that she failed to exhaust tribal remedies but opposes the Band and Genia's motion for dismissal by arguing that her failure to exhaust was excused because the tribal court was biased against her and exhaustion was futile, the Band had expressly waived its immunity in Minn.Stat. § 626.90, and the defendants and the court asserted tribal court jurisdiction in bad faith.

 "[C]onsiderations of comity direct that tribal remedies be exhausted before the question [of tribal court jurisdiction] is addressed by the District Court." *Iowa Mutual Ins. Co.*, 480 U.S. at 15, 107 S.Ct. 971. The exhaustion requirement encourages the Federal Government's policy of tribal self-government, ensures that "a full record is developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed," and provides an opportunity for the tribal court system to explain its basis for asserting jurisdiction. *See Duncan Energy*, 27 F.3d at 1299–1300. Once tribal remedies are exhausted, a federal court may then review the tribal court's decision regarding jurisdiction. If jurisdiction was proper in the tribal court, "proper deference ... precludes relitigation of issues raised and resolved in the tribal court." *Iowa Mutual*, 480 U.S. at 19, 107 S.Ct. 971. Thus, the Court must answer only the following questions to resolve the pending motion: 1) was Davis's failure to exhaust her tribal

remedies excused; and 2) if her failure to exhaust was excused, did the Tribal Court have jurisdiction over Davis's action.

 "At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal court." *LaPlante*, 480 U.S. at 17, 107 S.Ct. 971. However, a party's failure to exhaust tribal remedies may be excused where:

an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the [tribal] court's jurisdiction.

*National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 856 n. 21, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). Davis alleges that her failure to exhaust tribal remedies is excused on the grounds of bias and bad faith. There is no evidence in the record, however, to support either of these claims.

Davis's response to the pending motion brings to mind the quote by Louis Nizer that "When a man points a finger at someone else, he should remember that four of his fingers are pointing at himself." Davis strives to excuse her failure to timely appeal the Tribal Court's Final Judgment by alleging that the Special Magistrate and the Tribal Appellate Court were biased and failed to provide a fair and just forum for her action. However, Davis's attorney conceded that his failure to file a timely appeal from the Final Judgment was due to his neglect and unfamiliarity with tribal court rules. Plaintiff has presented no evidence, beyond her bare allegations, that she was treated unfairly by the tribal court system and the record actually reflects the opposite. On several occasions the Special Magistrate granted Davis special consideration, for example, by allowing Davis to orally amend her complaint and considering arguments in Davis's favor that she had failed to raise for herself. A review of the summary judgment order written by the Special Magistrate evidences only thoughtful and careful review of the issues in Davis's action. Davis's claim that the Tribal Appel-

late Court treated her unfairly are also without basis. The Appellate Court ruled against Davis on the issue of her late appeal, an understandable decision that reflects no bias. In addition, the Appellate Court disbarred Davis's attorney because of his failure to monitor Davis's case and abide by the Court of Central Jurisdiction's rules. Such an act was clearly within the Appellate Court's discretion, and does not reflect bias toward Davis or her legal position. Similarly, Davis's claim of bad faith is based only on Davis's allegations, and is unsupported by the record.

■■■■ Davis's failure to exhaust tribal remedies is, standing alone, sufficient grounds for granting the pending motion. However, even if Davis had exhausted her tribal remedies, there is no question the Tribal Court had jurisdiction over Davis's claims. Davis is a member of the Band, and the Defendants are tribal entities. Davis's claims involve the Band's police department, and occurred on the Band's reservation. Tribal Courts possess exclusive jurisdiction over a suit between members of its Tribe arising on its reservation. *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *see also* Felix S. Cohen, *Handbook of Federal Indian Law* at 342 (1982); *A–1 Contractors v. Strate,* 76 F.3d 930, 934–35 (8th Cir.1996). Thus, the tribal court properly exercised jurisdiction over this action and principles of comity and deference preclude this Court from further review of the tribal court's ruling. *See Iowa Mutual Ins. Co.,* 480 U.S. at 19, 107 S.Ct. 971.

Finally, given the disposition of the Band and Genia's motion to dismiss with prejudice, the Court is unaware of any compelling reason why Davis's claims against Bankey should remain before the Court at this time. Thus, the Court will order Davis to show cause why the action against Bankey should not be dismissed without prejudice. Davis shall have until December 4, 1998 to respond to the Order to show cause.

Accordingly, upon review of the files, motions, and proceedings herein.

**IT IS HEREBY ORDERED** That:

1. Defendants Mille Lacs Band of Chippewa Indians and James Genia's motion to dismiss with prejudice is GRANTED and the action is DISMISSED with prejudice as to the Mille Lacs Band of Chippewa Indians and James Genia;

2. Plaintiff Gina Davis show cause to the Court why her claims against defendant R. James Bankey should not be dismissed without prejudice. Such a showing shall be filed with the Court on or before December 4, 1998, and if good cause is not shown by such date, plaintiff's claim against defendant R. James Bankey shall be dismissed without prejudice.